IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01007-RTG

AYMEN ABDU ABDU,

     Applicant,

v.

DHS,

     Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant is an immigration detainee at a detention center in Aurora, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On April 22, 2026, he filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 11).

The Court must construe the amended application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Applicant will be directed to file a second amended application if he wishes to pursue any claims in this action.

Applicant asserts one claim captioned "Detained Fals[e]ly, No Warrant." (ECF No. 11 at p.4.) The only allegations in support of the claim are the following, which the Court quotes verbatim without correcting or identifying errors in spelling, grammar, or punctuation:

> I was orded to be deported or removed back to my country wich is Sudan back in 2011 but my country is going through a civil war and not taking people back, in 2020 I've got hold of my embassy at d.c. (Washington) and I've got issued travel document for 90 days only and I got in touch with my ICE officer and cancelled everything for me because of the new administration in the white house.

(*Id.*) As relief Applicant seeks release from custody.

The Application is deficient. For one thing, Applicant fails to name a proper Respondent. The proper respondent for a § 2241 application is the warden (or other custodian) of the facility where the prisoner is being held.

More importantly, the Application is deficient because Applicant does not identify a cognizable federal claim for relief. He apparently is subject to a final order of removal, but he does not allege when he was taken into custody, how long he has been in custody, or what specific legal process he has or has not been provided, including any bond hearing or details. He also does not allege any facts to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. In particular, the Court notes that Applicant has submitted a copy of a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g) dated March 17, 2026, that indicates Applicant refused to board a removal flight back to Sudan. (*See* ECF No. 9 at p.2.)

Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although the Court must construe the Application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

Under Habeas Rules 2(c)(1) and 2(c)(2), Applicant must identify the specific federal claim he is asserting, and he must provide specific factual allegations in support of the claim. These rules are more demanding than the rules applicable to ordinary civil actions. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Applicant will be given an opportunity to file a second amended application that clarifies the claim he is asserting. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado - Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Applicant will be directed to file his second amended application on the court-approved form.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Applicant file a second amended application on the court-approved form that names a proper Respondent and provides a clear statement of a cognizable habeas corpus claim. It is

FURTHER ORDERED that, if Applicant fails within the time allowed to file a second amended application that complies with this order, the action will be dismissed without further notice.

3

DATED May 13, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge